In the Matter of JACOB SKLOVER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 23, 1980

## APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. La Russo* of counsel), for petitioner.

*Harris, Maloney, Horwitz, Evans & Fox (Timothy Maloney* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent is an attorney at law admitted by the Appellate

Division, Second Department and presently engaged in practicing his profession with offices in Rochester and Honeoye, New York.

The petition alleges that in October, 1979 he represented Doris and Peter Bojinoff in the conveyance of their residence; that on October 30, upon completion of the sale, he received proceeds of $15,109.50 and deposited that sum in his trust account; that thereafter he delivered his check, drawn on Marine Midland Bank, in the amount of $14,910.90 to the Bojinoffs, representing the net proceeds due his clients; that payment on the check was refused by the bank because respondent's trust account contained insufficient funds to satisfy it. Further, the bank records indicate that during the period of time involved, respondent's trust account contained a balance well below the sum received on behalf of his clients as the proceeds from the sale of their property. Respondent received a letter of caution from petitioner on another matter on October 12, 1979 for failing to maintain adequate records and failing to preserve the identity of a client's property.

Respondent admitted the allegations and he has reimbursed his clients all sums due them, the final payment being made on December 19, 1979.

Respondent is guilty of unprofessional conduct because he failed properly to identify funds and property of a client (see DR 9-102; 22 NYCRR 1022.5[a]) and because he commingled and converted his clients' funds (22 NYCRR 1022.5[a]).

In mitigation we note that respondent has been a reputable practitioner for many years, that he is a well-known and respected member of the community and that this misconduct is attributed to personal problems during a period in which he and the members of his family suffered serious health and financial problems. We also note his candor and his expeditious co-operation with petitioner and the court in resolving these charges.

Respondent should be suspended from the practice of law for a period of one year and until the further order of the court.

DILLON, P. J., CARDAMONE, SIMONS, HANCOCK, JR., and CALLAHAN, JJ., concur.

Order of suspension entered.